Hugh S. Coyle, J.
Application is made on behalf of defendant here for treatment as a youthful offender under title VII-B of part VI of the Code of Criminal Procedure (§ 913-e et seq.)
On July 6, 1956, the Grand Jury of Westchester County indicted defendant under a single indictment containing two *866 counts, the first count charging him with the crime of kidnapping, committed on February 26, 1956 and the second count charging him with the crime of assault, second degree, arising out of the same incident at the same time and place.
The Grand Jury, in the indictment, recommended that defendant be accorded treatment as a youthful offender, and in due course a waiver and consent were duly filed.
The matter was thereupon referred to the department of probation for investigation and report. This report is now before the court.
Ordinarily an application of this nature requires somewhat less research and investigation, but the court here is faced with serious questions as to the proper protection of defendant’s substantial rights. By the same token the recommendation by the Grand Jury for youthful offender treatment is not to be lightly taken, but is entitled to serious consideration.
Here, however, the very provision under which the defendant may be treated as a youthful offender prohibits his treatment in that category insofar as the alleged crime of kidnapping is concerned. The Legislature in defining a youthful offender states that a person of the requisite age limits may be so treated if he has'committed a crime, “ not punishable by death or life imprisonment ” (Code Crim. Pro., § 913-e). The crime of kidnapping by the provisions of section 1250 of the Penal Law of the State of New York, is punishable, under the facts in the instant case by possible life imprisonment.
The counts in the indictment arise out of the identical transaction and are inextricably entwined.
The court feels that there is more substance to the question here presented then mere argument as to the right to sever or try one charge of the indictment and reserve action on the other pending the event. (See People v. Savarese, 1 Misc 2d 305.)
We are not here dealing with a question of policy, expediency or convenience, but with fundamental rights fixed by the Constitution.
It is the fundamental law of the land that one of the age of the defendant here is answerable for high crime; in this case a crime comparable with murder in the first degree insofar as punishment is concerned. To admit any possible waiver of defendant’s fundamental rights would, in the court’s opinion, be contrary to the interests of justice.
The court is mindful of certain additional duties and responsibilities placed upon the District Attorney in regard to *867 a charge of kidnapping, but the questions here presented have warranted the time consuming investigation and research necessarily involved.
The application to treat defendant as a youthful offender is denied. Submit order.