Luigi R. Marano, J.
Each of these three-count indictments accuses the defendant of criminal sale of a controlled substance •in the second degree (Penal Law, § 220.41, a class A-II felony), criminal possession of a controlled substance in the third degree (Penal Law, § 220.16, a class A-HI felony), and criminal possession of a controlled substance in the fifth degree (Penal Law, § 220.09, a class O felony). These indictments were consolidated for trial purposes and the defendant was convicted *609 on all six counts after jury trial. The defendant, now before the court for sentence, has moved orally for consideration as a youthful offender and contends that CPL 720.10 (subd. 2), which denies youthful offender eligibility to a defendant indicted for a class A felony, is unconstitutional as a denial of both due process and equal protection.
Since 1944 New York has denied eligibility for youthful offender consideration to youths who have committed the most serious crimes. Section 913-e of the Code of Criminal Procedure excluded youths who had committed crimes punishable by death or life imprisonment or who had been convicted of a felony and this exclusion was sustained in People v. Geeter (6 Misc 2d 865). CPL 720.10 (subd. 2) makes no significant change with respect to eligibility and provides as follows: “ Eligible youth means a youth who is eligible to be found a youthful offender. Every youth is so eligible unless he (a) is indicted for a class A felony, or (b) has previously been convicted1 of a felony. ”
As regards due process the defendant contends that the 'exclusion of youths indicted for class A felonies is a presumption that such youths are unworthy of youthful offender treatment. He further contends that this is an irrebuttable presumption which is immune from any evidence which would demonstrate its incorrectness and is therefore repugnant to due process. As regards equal protection, the defendant contends that CPL article 720’s use of indictments for class A felonies to define ineligibility for youthful offender consideration is arbitrary and irrational. He further contends that the exclusion bears no fair and substantial relation to the goals of the youthful offender procedure and concludes that since the exclusion is based on the crime charged, not that for which the defendant was convicted, it is violative of equal protection.
The Attorney-General and the District Attorney in opposing this motion contend, inter alia, that this is not an appropriate proceeding in which to test the constitutionality of CPL 720.10 (subd. 2), and that the defendant lacks standing to challenge the constitutionality of the statute since not only was he indicted for class A felonies, but was also convicted of class A felonies rather than of some lesser crime. They conclude that if there should be a denial of equal protection where a defendant convicted of a lesser crime is denied youthful offender consideration because he originally was indicted for a class A felony, there is no :such infirmity here because the defendant was convicted of the crimes charged.
*610 In considering this 'challenge to the constitutionality of GPL 720.10 (subd. 2) the court is aware that all legislative enactments are “ supported iby a presumption of validity so strong as to demand of those who attack them a demonstration of invalidity beyond a reasonable doubt ” (Matter of Van Berkel v. Power, 16 N Y 2d 37, 40; Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 79; Matter of Fay, 291 N. Y. 198, 206, 207), “ and the courts strike them down only as a last unavoidable result ” (Matter of Van Berkel v. Power, supra, p. 40; Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, 555, affd. sub nom. South Buffalo Ry. Co. v. Ahern, 344 U. S. 367; Matter of Roosevelt Raceway v. Monaghan, 9 N Y 2d 293, app. dsmd. 368 U. S. 12). “ Particularly, courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases where life and liberty is involved and the invalidity of the act is apparent on its face ” (National Psychological Assn. v. University of the State of N. Y., 18 Misc 2d 722, 725-726, affd. 10 A D 2d 688, affd. 8 N Y 2d 197, app. dsmd. 365 U. S. 298). Courts of original jurisdiction should not set aside a statute as unconstitutional unless that conclusion is inescapable. (People v. Elkin, 196 Misc. 188; Bohling v. Corsi, 204 Misc. 778, affd. 306 N. Y. 815.) The tendency is to leave such questions to appellate tribunals (City of New Rochelle v. Ecko Bay Waterfront Corp., 182 Misc. 176, affd. 268 App. Div. 182, affd. 294 N. Y. 678).
There is also the presumption that the Legislature has investigated a matter and found facts necessary to support the legislation challenged (I. L. F. Y. Co. v. Temporary State Housing Rent Comm., 10 N Y 2d 263; Lincoln Bldg. Assoc. v. Barr, 1 N Y 2d 413). The defendant herein alleges that he has been a victim of discriminatory treatment. Upon such a claim he must demonstrate conscious, intentional discrimination (People v. Goodman, 31 N Y 2d 262; Matter of Di Maggio v. Brown, 19 N Y 2d 283). If there is some reasonable basis for a legislative classification, it cannot be held to be special and unconstitutional, but must be given effect by the courts (Farrington v. Pinckney, 1 N Y 2d 74). "Where an -enactment affects one group differently than another group, it will not be set aside if any state of facts can be conceived to support it (Dandridge v. Williams, 397 U. S. 471). The Fourteenth Amendment allows the State Legislatures to enact laws so as to affect some individuals or groups differently than others. The constitutional safeguard is offended only if the classification is based on grounds which are wholly irrelevant to the objective of the challenged statute *611 (McGowan v. Maryland, 366 U. S. 420). The Constitution bars irrational discrimination between groups of persons as they are affected by a statute, but it 'does not require that situations which are different in fact are to be treated as though they were the same (Goesaert v. Gleary, 335 U. S. 464). Nor may a discriminatory purpose be presumed: there must be a showing of clear and intentional' discrimination (Snowden v. Hughes, 321 U. S. 1).
CPL article 720 differentiates among youths in several different ways. ICPL 720.20 (subd. 1, par. [b] mandates youthful offender treatment for a youth convicted in a local criminal court who had not previously been convicted of a crime or found to have been a youthful offender. -CPL 720.10 (subd. 2), as do the statutes of a number of jurisdictions, .uses the gravity of the crime charged as the standard for exclusion from eligibility for youthful offender consideration. The pertinent portions of the Federal Juvenile Delinquency Act (TJ. iS. Code, tit. 18, §§ 5031-5037), provide as follows:
“ a ‘ juvenile ’ is a person who has not attained his eighteenth birthday, and ‘ juvenile delinquency ’ is the violation of a law of the United States committed by ¡a juvenile and not punishable by death or life imprisonment ” (U. S. iCode, tit. 18, § 5031), and
‘ ‘ A juvenile alleged to have committed one or more acts in violation of a law of the United States not punishable by death or life imprisonment * * * shall be proceeded against as a juvenile delinquent if he consents to such procedure, unless the Attorney General, in Ms discretion, has expressly directed otherwise (U. S. Code, tit. 18, § 5032). ”
In United States v. Quiñones (353 F. Supp. 1325, 1326), the defendant juvenile was indicted for rape within a Government reservation, a crime punishable by ‘‘ death, or imprisonment for any term iof years or for life ’ ’ and other crimes. The defendant moved to dismiss the indictment and contended that his ineligibility for consideration as a juvenile delinquent, as regards the count charging rape, was unconstitutional on several grounds, including denial of due process and of equal protection. -In denying the motion with respect to the rape count, the court stated that (p. 1328) ‘ ‘ Legislative exclusion of individuals charged with certain specified crimes from the jurisdiction of the juvenile justice system is not unusual ” and (p. 1328) “ The equal protection clause of the Federal Constitution does not prohibit legislative classification, as long as such a classification is reasonable, and not arbitrary, and based upon a difference *612 having a fair and substantial relation to 'the object of the legislation. ”
The court pointed out that one who attacks such a classification must show it to be arbitrary, and concluded that the defendant {supra, p. 1328) “ has not carried the burden to convince the Court that Section 5032 implies an indvidious classification nor that Congress cannot constitutionally establish the classi- . fication contained in that statute between the juveniles who commit capital- or life-imrprisonment offenses and other juveniles committing other types of offenses. ”
In United States v. Bland (472 F. 2d 1329, cert. den. 412 U. S. 909), the Court of Appeals for the District of Columbia Circuit had before it a similar District of Columbia statute which the District Court had held unconstitutional. The applicable parts of the District of Columbia Code (§ 2301, subd. [3], par. [A]) are:
‘ ‘ The term ‘ child ’ means an individual who is under 18 years of age, except that the term ‘ child ’ does not include an individual who is 16 years of age or older and —
“ (A) charged by the United (States Attorney with (i) murder, forcible rape, burglary in the first degree, robbery while armed, or assault with intent to commit any such offense, or (ii) an offense listed in ¡clause (i) and any other offense properly joinable with such an offense ”.
In reversing the District ¡Court and holding the statute was constitutional and not violative of either due process or equal protection, the ¡Circuit Court noted that legislative classifications are entitled to a strong presumption ¡of validity and may be set aside only if no grounds can be conceived to justify them. The court also noted that legislative exclusion of individuals charged with certain specified crimes from the jurisdiction of the juvenile justice system was not unusual and pointed out that the Federal Juvenile Delinquency Act (U. ¡S. Code, tit. 18, §§ 5031^5037), ¡which does make such exclusions, was proper and constitutional. Unless there should be some factor such as race, religion or other arbitrary classification not present in the case at bar, even prosecutions which result in different treatment of codefendants originally charged with the same crime in the same case do not violate due process or equal protection.
In Long v. Robinson (316 F. Supp. 22, application for stay den. 432 F. 2d 977, affd. 436 F. 2d 1116), the court dealt with the Maryland Juvenile .Causes Act (Md. Ann. Code, art. 26, ■§§ 51 et sect,), which differentiated among young defendants in a number of ways including geographical location, nature of the crime *613 charged and gravity of the crime charged. The statute provided, inter alia, that youths under 18 were to he proceeded against as juveniles, except that in Baltimore only youths under 16 were to he prosecuted in the juvenile court system. In holding that part of the statute (and the corresponding provisions of section ¡240 of article 4 of the Public Local Laws of Baltimore City), unconstitutional insofar as they exempted Baltimore from the uniform juvenile age maximum of 18, the court ordered that all defendants in Baltimore under the age of 18 be released to the juvenile authorities except those accused of capital crimes. The court in United States v. Bland (472 F. 2d 1329, 1334, supra), summarized this decision as follows: “Finally, the United (States District Court for the District of Maryland, upheld by the Fourth Circuit, while it did find a geographical age distinction in the jurisdiction of the Maryland Juvenile Court violative of due process, found no difficulties with the exclusion of those 14 years of age and over charged with capital crimes from juvenile jurisdiction. ”
The court concludes that the classification contained in CPL 720.10 (subd. 2) does not violate the defendant’s due process or equal protection rights and that the statute is constitutional. The court declines to follow the recent decisions of Mr. Justice Polsky in People v. Brian R. (78 Misc 2d 616) and People v. Charles S. (79 Misc 2d 1058.)
Accordingly, defendant’s motion for youthful offender consideration is denied.