Ivan Warner, J.
This court is called upon to determine the constitutionality of CPL 30.30 (subd 3, par [a]).
Both defendants here have been indicted for the commission of the crimes of murder and possession of a weapon, dangerous instrument and appliance as a misdemeanor.
The relevant provisions of CPL 30.30 read as follows:
Subdivision 1:
"Except as otherwise provided in subdivision three, a motion made pursuant to paragraph (e) of subdivision one of section 170.30 or paragraph (g) of subdivision one of section 210.20 must be granted where the people are not ready for trial within:
"(a) six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony”.
Paragraph (a) of subdivision 3: "Subdivisions one and two do not apply to a criminal action wherein the defendant is accused of an offense defined in Sections 125.10, 125.15, 125.20, 125.25 and 125.27 of the penal law.”
The above-cited sections relate to criminally negligent homicide, manslaughter in the second degree, manslaughter in the first degree, murder in the second degree and murder in the first degree respectively.
CPL 170.30 (subd 1, par [e]) refers to a motion to dismiss an information for denial of a speedy trial; CPL 210.20 (subd 1, par [g]) concerns a motion to dismiss an indictment for the same reason.
While crimes charged as violative of article 125 of the Penal Law are excluded from the six-months ready rule, CPL 30.30, they fall within the mandate of CPL 30.20 (subd 1), which provides that after a criminal action is commenced, the defendant is entitled to a speedy trial. However, no specific time limit is enumerated in that section.
It is the defendants’ contention that CPL 30.30 (subd 3, par [a]) is unconstitutional on its face and as applied because it denies them equal protection of law.
The defendants argue that since a "fundamental” right is involved, that is, a Sixth Amendment right to a speedy trial, this court must scrutinize the statute strictly to determine if a *238 compelling State interest exists which justifies the distinction between homicide related crimes and other felonies for purposes of providing a defendant a speedy trial within six months.
In support of their contentions that CPL 30.30 (subd 3, par [a]), in excluding certain crimes in violation of article 125 of the Penal Law from the six-month time limitation, is irrationally and unconstitutionally applied, the defendants advance the position that when the New York State Legislature enacted the "Rockefeller Drug Laws”, section 220.00 of the Penal Law and others, it made a legislative finding that drug crimes were the "most serious crimes in this State”. This, according to the defendants, is evidenced by the sentences attending violations of the drug laws and the restrictions placed on plea bargaining on drug "A” felonies (CPL 220.10, subd 6, par [a]), as compared to the absence thereof under any of the crimes within article 125 of the Penal Law, including "A” felonies.
Thus, according to the defendants, there is no rational basis for treating them differently as regards to their eligibility to benefit from the six-month period of limitation provided by CPL 30.30 from those persons who, in their opinion, are charged with "equally, or more serious crimes.”
The Sixth Amendment of the Constitution of the United States accords every person accused of the commission of a crime the "fundamental” right to a speedy trial. This right is made applicable to State proceedings by way of the Fourteenth Amendment (Klopfer v North Carolina, 386 US 213; People v Minicone, 28 NY2d 279).
The Supreme Court, while acknowledging the "fundamental” character of an accused’s right to a speedy trial, has nevertheless refrained from fixing specific time periods for the commencement of a trial, beyond which would assume the posture of a violation of such "fundamental” right.
The court has indicated that "the right to speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied” (Barker v Wingo, 407 US 514, 521).
Instead, the various States have been vested with the responsibility of establishing, on an individual State basis, the guidelines of insuring a speedy trial consistent with constitutional standards (Barker v Wingo, supra, p 523).
*239 This court, while acknowledging that the right to a speedy trial is a "fundamental” right inasmuch as it is guaranteed by the Constitution, also recognizes that there is no fundamental right to a speedy trial within a constitutionally defined period of time.
This court hastens to add that although the defendants’ contentions are framed in terms of an allegation of a denial of their fundamental right to a speedy trial, the issue specifically before this court is whether one charged with some form of homicide delineated in CPL 30.30 (subd 3, par [a]) has a "fundamental” right to be tried within six months after the commencement of a criminal action, and whether the statutory exclusion of such offenses from the six-month time period is an abridgement of these defendants’ Sixth Amendment right to a speedy trial and a denial of equal protection of the laws.
This court finds that CPL 30.30 (subd 3, par [a]) is constitutional and does not deny to these defendants equal protection of the laws. As urged by the People, there is no fundamental right to a speedy trial within six months. CPL 30.30 (subd 3, par [a]) in no way violates these defendants’ rights to a speedy trial as guaranteed by the Sixth Amendment of the Constitution of the United States, or by CPL 30.20.
The New York State Legislature, acting within its authority enacted CPL 30.30 which set out specific time periods within which the People must be ready for trial after the commencement of a criminal action. Inherent within its authority, the Legislature likewise designated certain crimes to be exempt from the time requirements.
No matter how innovative or salutary this statute might be, it cannot be elevated to the status of a "fundamental” right. Thus, since this court has determined that there is no "fundamental” right to a speedy trial within six months, and since the defendants themselves concede that we are not here dealing with a "suspect” classification such as race, religion or national origin, this legislative enactment must be judged by the test of whether a rational basis exists for the classification made. (See James v Strange, 407 US 128, 140; Dandridge v Williams, 397 US 471, 487.)
The conscious exercise of some selectivity in enforcement is not in itself a Federal constitutional violation (Oyler v Boles, 368 US 448, 456; cf. People v Goodman, 31 NY2d 262, 268).
*240 The Legislature has wide power to prescribe the nature and definition of crimes and the procedure to be followed in the prosecution and punishment of defendants (Matter of Rudd v Hazard, 266 NY 302, 306; People ex rel. Forsyth v Court of Sessions of Monroe County, 141 NY 288; Matter of Dodd v Martin, 248 NY 394, 398-399; People v Gowasky, 244 NY 451). Under familiar principles, a strong presumption must be entertained that the Legislature has determined that facts exist indicating the need for the enactment of the statute and that it has responded to that need by providing the procedure laid down in the statute (Matter of Taylor v Sise, 33 NY2d 357; East New York Sav. Bank v Hahn, 293 NY 622, 628, affd 326 US 230).
Differences in treatment of criminal offenders have been considered not to affect an interest of fundamental concern (see Marshall v United States, 414 US 417; McGinis v Royster, 410 US 263; United States ex rel. McGill v Schubin, 475 F2d 1257).
The classification found in CPL 30.30 (subd 3, par [a]) cannot be said to be directed against any individual or category of persons, but rather, it represents a policy choice made by that branch of government vested with the power to make such choice (Marshall v United States, supra).
Legislative solutions must be respected if the "distinctions drawn have some basis in practical experience” (South Carolina v Katzenbach, 383 US 301, 331), or if some legitimate State interest is advanced (Dandridge v Williams, 397 US 471, 486).
All legislative enactments are "supported by a presumption of validity so strong as to demand of those who attack them a demonstration of invalidity beyond a reasonable doubt” (People v Estrada, 80 Misc 2d 608, 610, citing Matter of Van Berkel v Power, 16 NY2d 37, 40; Lindsley v Natural Carbonic Gas Co., 220 US 61, 79; Matter of Fay, 291 NY 198, 206, 207), " 'and the courts strike them down only as a last unavoidable result’ ” (Estrada, supra, p 610, citing Van Berkel, supra, p 40; Matter of Ahern v South Buffalo Ry. Co., 303 NY 545, 555, affd sub nom. South Buffalo Ry. Co. v Ahern, 344 US 367; Matter of Roosevelt Raceway v Monaghan, 9 NY2d 293, app dsmd 368 US 12).
"Particularly, courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases where life and liberty is *241 involved and the invalidity of the act is apparent on its face” (Estrada, supra, p 610, citing National Psychological Assn. v University of State of N. Y., 18 Misc 2d 722, 725-726, affd 10 AD2d 688, affd 8 NY2d 197, app dsmd 365 US 298).
Courts of original jurisdiction should not set aside a statute as unconstitutional unless the conclusion is inescapable (Estrada, supra, p 610, citing People v Elkin, 196 Misc 188; Bohling v Corsi, 204 Misc 778, affd 306 NY 815).
The tendency is to leave such questions to appellate tribunals (Estrada, supra, p 610, citing City of New Rochelle v Ecko Bay Waterfront Corp., 182 Misc 176, affd 268 App Div 182, affd 294 NY 678).
The New York State Legislature, during its 1972 session, enacted CPL 30.30. Its purpose was to promote earlier trials for defendants in certain criminal cases. Punishment of the guilty would be swift and sure and thereby it was believed, an effective deterrent to crime would be established (L 1972, ch 184; McKinney’s Session Laws of NY, 1972, p 3259; NY Legis Ann, 1972, p 344).
The Legislature, however, in its memoranda did not indicate why it chose to exempt certain crimes within article 125 of the Penal Law from its provisions. Perhaps it felt the reasons were obvious.
With no legislative pronouncements to guide it, this court must take it upon itself to offer what it believes to be some rational basis for the exemption.
The defendants advance the notion that with the enactment of the "Rockefeller Drug Laws,” the Legislature made a determination that the violation of the drug laws (Penal Law, § 220.00, et seq.) were the "most serious crimes in this state.”
To support their contention they direct our attention to the harsh sentences which are provided for upon conviction for the violation of these laws. They further urge that since CPL 30.30 (subd 3, par [a]) does not exclude the "most serious crimes in this state” from the six-month ready rule, but does exclude the "less serious” crimes contained within article 125 of the Penal Law, the distinction between articles 125 and 220 of the Penal Law is without a rational basis.
This court finds it impossible to acknowledge the sincerity of such a claim. Murder, the taking of the life of another human being, has always been considered the most serious crime in civilized society and, indeed, in this State.
*242 The right to life has always been paramount in our laws, beginning with the Declaration of Independence, certainly far more precious than one’s right to property or other interests. A life, once taken, can never be restored.
In providing for such severe sentences for the violation of certain drug laws, the Legislature was not making a pronouncement that it considered drug law violations to be more serious than the taking of a human life. Rather, the Legislature was reacting to the unlawful widespread sale and distribution of drugs within this State which, if allowed to go unchecked and not severely punished, threatened to destroy the very fiber of our society.
The sale of narcotics within this State or anywhere else, is not an isolated event. Rather, drug sales and usage is inseparably associated with other societal ills such as robbery, burglary, assault, and even homicide. It was to stem such a tide that the severe sentences were imposed. However, the fact that some drug offenses carry higher penalties than certain homicides cannot be interpreted to indicate that the former was, or is, considered by the Legislature of this State to be a more heinous crime than the latter.
Another rational basis for the sole exclusion of certain homicides from the six-month ready rule of CPL 30.30 as compared to other crimes, drug related or otherwise, is the high degree of seriousness of a homicide, often attendant with complex trial preparation procedures.
As the People suggest, due to the serious nature of the crime, the District Attorney may need more thorough and precise preparation (citing People v Taranovich, 37 NY2d 442, 446; People v Johnson, 38 NY2d 271), thereby necessitating a period of time in excess of six months before he can be ready for trial.
The District Attorney further urges that in narcotics sales trials, the People’s case frequently consists solely of the testimony of the police officers involved in the investigation and the lab report of the narcotics recovered. In homicide trials, civilian testimony is almost always required to provide the link between the defendant and the homicidal act. Lab reports are more complex. Autopsy and sometimes ballistics testimony is necessary to round out the People’s case.
In the prosecution of this most serious crime, the District Attorney is expected to proceed with far more caution and deliberation than he would expend on a relatively minor *243 offense. Of course, that is not to suggest that one’s right to a speedy trial per se is dependent upon what one is charged with, but rather, that the prosecution may understandably be more thorough and precise in his preparation for trial of a homicide than he would if he was just prosecuting a misdemeanor.
In light of the foregoing, it is clear that these defendants have not been denied their fundamental right to a speedy trial as guaranteed by the Sixth Amendment. That right remains inviolate. Likewise, this fundamental right is preserved by CPL 30.20 (subd 1). The fact that these defendants have been charged with the commission of a crime specifically excluded by the Legislature from the six-month period of limitations, in no way supports their allegation that their constitutional rights have been abridged.
The quarrel of the defendants is, indeed, with the exclusion of certain crimes within article 125 of the Penal Law from the six-month ready trial provision. That, however, was a classification plainly within the legislative competence; and this court finds that such a classification comports with both substantive due process and equal protection standards.
That is the decision of this court on that particular motion.