OPINION OF THE COURT
Felice K. Shea, J.
The question presented by defendant’s motion to dismiss the indictment against him is whether the crime of attempted murder in the second degree is excluded from the six-month trial readiness rule set forth in CPL 30.30 (subd 1, par [a]).
In New York State, a defendant is entitled to dismissal of the charges against him unless the People are ready for trial within the time period fixed by statute. CPL 30.30 (subd 1, par [a]) requires the People to be ready for trial within six months of the commencement of a criminal action based upon felony charges. CPL 30.30 (subd 3, par [a]) exempts certain homicides from the operation of the trial readiness rule. The pertinent parts of CPL 30.30 provide as follows:
“§ 30.30 ***
*236 “1. Except as otherwise provided in subdivision three, a motion * * * [to dismiss the indictment] must be granted where the people are not ready for trial within:
“(a) six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony * * *
“3. (a) Subdivisions one and two do not apply to a criminal action wherein the defendant is accused of an offense defined in sections 125.10 [criminally negligent homicide], 125.15 [manslaughter, second degree], 125.20 [manslaughter, first degree], 125.25 [murder, second degree] and 125.27 [murder, first degree] of the penal law.”
Defendant was indicted for attempted murder in the second degree pursuant to sections 125.25 and 110.00 of the Penal Law and for other crimes.[1] The indictment was not filed until more than six months after the commencement of the criminal action and thus the People were not ready for trial within six months.
In opposing this motion, the People argue that since the CPL 30.30 six-month trial readiness rule does not govern an indictment for murder in the second degree, they should also be exempted from the rule when the charge is attempted murder in the second degree.[2] The People contend in essence that attempted murder in the second degree is a species of murder in the second degree and is, therefore, encompassed in the statutory provision removing second degree murder from the six-month trial readiness requirement. Defendant, on the other hand, asks the court to treat murder and attempted murder as separate crimes for the purpose of determining the meaning of CPL 30.30 (subd 3, par [a]).
*237 It would appear that the question of whether an indictment for attempted homicide is regulated by the statutory requirement for trial readiness within six months has not been addressed by the New York courts. An examination of the policy underlying the exemption for homicides in CPL 30.30 (subd 3, par [a]) and the general legislative scheme for distinguishing completed crimes from attempted crimes leads to the conclusion that the Legislature did not intend to exempt an attempted homicide from the operation of the CPL 30.30 trial readiness rule.
CPL 30.30 was enacted in 1972[3] to promote prompt trials for defendants in criminal cases, thereby serving justice and deterring crime. (McKinney’s Session Laws of NY, 1972, p 3259; NY Legis Ann, 1972, p 344.) The exclusion in CPL 30.30 (subd 3, par [a]) of certain homicide crimes dates from the enactment of CPL 30.30 and has withstood constitutional challenge. (People v Mollette, 87 Misc 2d 236.)
No legislative history has been uncovered explaining specifically why the Legislature chose to put the serious homicide crimes of article 125 of the Penal Law outside CPL 30.30 time strictures. However, widely held societal attitudes and values support the homicide exception. The sanctity of life is universally acknowledged and “[m]urder, the taking of the life of another human being, has always been considered the most serious crime in civilized society” (People v Mollette, supra, p 241). Therefore, the legislative judgment made in CPL 30.30 (subd 3, par [a]) that this most serious crime be excluded from the strict time limits set for prosecutorial trial readiness has an explanation which does not extend to attempted murder.
The courts have articulated an additional basis for sparing homicides from the readiness rule of CPL 30.30 (subd 1, par [a]). The more serious the crime, the greater the need for thorough, precise and complete trial preparation.[4] Because the dead victim is often the only eyewitness, a murder case usually requires complex testimony by civilians and by medical and technical experts to establish the *238 accused’s connection with the crime. In a homicide case, the prosecutor’s preparation time is likely to exceed six months. (People v Mollette, supra, p 242.) Conversely, the intended victim’s survival in the case of attempted murder eases the prosecutor’s task with respect to investigation and preparation for trial.
In contrast to the completed homicide crimes defined in article 125 of the Penal Law, crimes of attempt, historically, have been regarded as less serious. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 110.05, p 319; People v Wilson, 80 Misc 2d 353.) Criminal liability for attempt is grounded on the theory that if a defendant commits an act with intent to commit a crime, “although the defendant may have failed in his purpose, his conduct is nevertheless culpable and if carried far enough causes a sufficient risk of harm to be treated as a crime in itself” albeit of a lesser magnitude than the completed crime. (People v Bracey, 41 NY2d 296, 299; see, also, Hall, Criminal Attempt — A Study of Foundations of Criminal Liability, 49 Yale LJ 789, 816.)
With some exceptions, the Legislature has always provided lesser penalties for inchoate crimes. Under subdivision 2 of section 261 of the former Penal Law, most prison sentences for attempted crime carried a maximum term of not more than one half of the highest maximum term authorized for the completed offense. At present, the New York statutory scheme maintains the distinction between attempted and completed crimes. Attempted crimes are separately treated in section 110.05 of the Penal Law. Almost all attempted felonies are classified one level below their completed counterparts. Thus, murder in the second degree, an A-l felony, is reduced by subdivision 4 of section 110.05 of the Penal Law to a B.felony when, as here, the crime charged is attempted murder in the second degree. For a first felony offender charged with attempted murder in the second degree, a class B violent felony, the penalty is a minimum of two to six years’ imprisonment. (Penal Law, § 70.02, subd 3, par [a]; subd 4.) For murder in the second degree, an A-l felony under section 125.25 of the Penal Law, the penalty is a minimum of 15 years to life imprisonment. (Penal Law, § 70.00, subd 2, par [a]; subd 3, par [a].) *239 Thus, the statutory structure makes the crime of attempted murder in the second degree under sections 110.00 and 125.25, as specified in the indictment herein, separate and distinct from the crime of murder in the second degree under section 125.25 which has not been charged.
There are well-established guidelines to aid the court in determining the meaning of CPL 30.30 (subd 3, par [a]), and they reinforce the conclusion that the crimes of murder and attempted murder should be differentiated in applying the trial readiness rule. In construing statutory language, courts must “take the statutes as they find them and * * * [may not extend] their operation beyond the bounds of the legislative intent”. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 73.) The plain, natural meaning of the language and import of penal statutes must be followed. (Penal Law, § 5.00; People v Ditta, 52 NY2d 657, 660.) The crimes of attempted homicide are not listed in CPL 30.30 (subd 3, par [a]) and it is reasonable to believe that they were omitted intentionally. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 74.)
For the foregoing reasons, the court holds that the crime of attempted murder in the second degree is not exempted by CPL 30.30 (subd 3, par [a]) from the operation of CPL 30.30 (subd 1, par [a]) but is subject to the six-month trial readiness rule. Defendant’s motion to dismiss the indictment is granted.

. A consolidated indictment which charges an exempted homicide together with lesser crimes will not activate CPL 30.30. (People v Smith, 53 AD2d 652; accord People v Rodriguez, 81 AD2d 840.) The lesser crimes charged here — criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the first degree — do not bear on the applicability of CPL 30.30 (subd 1, par [a]).

. The homicide offenses excluded from the six-month rule of CPL 30.30 are nevertheless subject to the right to speedy trial guaranteed by the Sixth and Fourteenth Amendments of the Constitution, section 12 of the Civil Rights Law and CPL 30.20. However, the court previously ruled that there has been no constitutional or statutory violation of defendant’s right to a speedy trial. Thus, the only issue on the instant motion is whether the statutory exclusion of CPL 30.30 (subd 3, par [a]) applies when the charge is attempted murder.

. L 1972, ch 184, eff April 28, 1972.

. The seriousness of the crime is also a factor in determining whether the State has met its obligation to accord the accused a speedy trial guaranteed by CPL 30.20, section 12 of the Civil Rights Law and the Sixth and Fourteenth Amendments of the Constitution. (See People v Taranovich, 37 NY2d 442,446; People v Johnson, 38 NY2d 271, 277.)