OPINION OF THE COURT
Joseph Goldstein, J.
Defendant is charged with violation of section 168-a of the General Business Law in that on the 28th day of November, 1983 at about 8:30 p.m. at the Nassau County Coliseum, he did conduct a business of selling a ticket of admission to a place of public amusement, to wit, he solicited, by word of mouth the complainant to purchase a ticket of admission to a performance at the Nassau County Coliseum for the price of $40, without being authorized to do so. The court has been advised that this was the evening that one Frank Sinatra performed at the Nassau County Coliseum.
In addition to defendant’s challenge that the statute lacks constitutionality, the defendant also alleges selective enforcement by law enforcement officials and that if in fact there was an attempt by the defendant to sell a ticket on the evening in question, to do so in this fashion was not the “conduct of the business of selling.” It appears that the challenge as to the constitutionality of section 168-a of the General Business Law is one of first impression.
The defendant maintains that section 168-a of the General Business Law is unconstitutionally broad and vague. This challenge is based on the defendant’s contention that *222 the heading, “Ticket speculators”, has no interpretative value thus leaving the statute’s parameters inadequately defined. The court disagrees with the defendant’s statutory interpretations, and declines to declare the statute unconstitutional.
Upon examination of section 168-a of the General Business Law’s legislative enactment and history, it is evident the New York State Legislature purposefully enacted the statute by including therein the section “Ticket speculators” along with subdivisions 1 through 4 of section 168-a of the General Business Law. (See L 1965, ch 1031.) The heading, therefore, is not only applicable as part of the statute, but clearly reflects the Legislature’s intent. At such time that a section heading is inserted by the Legislature as part of a statute it
“usually is not a part of the act and does not extend or restrict the language contained in the body of the statute, although it may be resorted to as an aid in ascertainment of the legislative intent where a provision is ambiguous in meaning.
“Ordinarily, a heading of a portion of a statute, such as a chapter or section, is not a part of the act and does not extend or restrict the language contained in the body of the statute. Accordingly, a section heading will not be permitted in all cases to limit the effect of the section; for the words of a statute may be broader than its heading. While a heading may clarify or point the meaning of an imprecise or dubious provision, it may not alter or limit the effect of unambiguous language in the body of the statute itself. However, for the purpose of explaining and clearing up ambiguities in the enacting clauses of statutes, reference may be had to the headings of portions of statutes, such as articles, chapters, and sections.
“Where the heading of a chapter or section of an act is inserted by the Legislature as a part of the rule or statute, it limits and defines its effect and is construed accordingly.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 123, subd b; emphasis supplied.)
Applying the above rule of construction, the courts have recognized that in light of a statute’s legislative history, the heading of the statute becomes more than a mere *223 appendage of limited importance when the history and the heading compliment each other. (Cf. Park Place-Dodge Corp. v Collins, 75 Misc 2d 25, affd 43 AD2d 910.)
The significance of this statutory construction is reinforced when one considers: “A statute or legislative act is to be construed as a whole, and all parts of an act are to be read and construed together to determine the legislative intent.” (McKinney’s Cons Laws of NY, Book 1, Statutes, §97.)
Accordingly, the term “ticket speculator”, when considering its common usage, is defined as “[o]ne who purchases and then resells tickets at a price over their face value. A scalper.” (Black’s Law Dictionary [5th ed], p 1328.) The meaning of “ticket speculator” complies with the legislative intent as expressed in section 167 of the General Business Law, “amusement or entertainment, or other places * * * is a matter affected with a public interest and subject to the supervision of the appropriate political subdivision * * * for the purpose of safeguarding the public against fraud, extortion, exorbitant rates and similar abuses.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 167; emphasis supplied.)
In view of the statute’s legislative history, the meaning and purpose behind section 168-a of the General Business Law is apparent. It is an attempt by the State to curb the practice of “hawking” tickets at exorbitant prices in support of the general welfare of the populous. The restraint or prohibition of “hawking” has been historically regarded in this State as a justifiable exercise of police power. (Village of Stamford v Fisher, 140 NY 187.)
• In a memorandum for the Governor, in further support of this proposal as it applies to Nassau County, New York State Attorney-General Louis Lefkowitz stated: “The purpose of this bill is to make the hawking of tickets to public performances in the County of Nassau a misdemeanor.”
It is a well-settled legal tenet that all legislative enactments are presumed to be constitutionally valid. (Matter of Van Berkel v Power, 16 NY2d 37.) Accordingly, under New York State law, the general rule is that “In the construction of penal statutes * * * courts will give effect to the *224 intention of the Legislature.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 272.)
The defendant’s second premise for dismissing the complaint is alleged discriminatory enforcement by law enforcement officials. In determining the constitutionality of enforcement, the defense has the “heavy burden” of proving illegal discriminatory practice. (People v Goodman, 31 NY2d 262.) Furthermore, the defense must overcome the required presumption that “the enforcement of laws is undertaken in good faith and without discrimination”. (Matter of 303 West 42nd St. Corp. v Klein, 46 NY2d 686, 694.)
The test utilized in determining an “equal protection of the law” violation is whether a law is applied and administered “ ‘with an evil eye and unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances’ ”. (Matter of 303 West 42nd St. Corp. v Klein, supra, at p 693.)
To invoke the right successfully, not only must both the “unequal hand” and “evil eye” requirements be met, but the defense must establish that the selective enforcement was “‘deliberately based upon an unjustifiable standard such as race, religion, or [some otherwise] arbitrary classification.’” (Matter of Di Maggio v Brown, 19 NY2d 283, 290.)
It has been consistently held that absent any consciously illegal discrimination, selectivity in enforcement or unequal application of penal statutes is not in itself unconstitutional. (People v Mollette, 87 Misc 2d 236; see, also, People v Acme Markets, 37 NY2d 326.) Considerations of police resources, manpower, and deterrence are all valid factors in enforcement selectivity. (Matter of 303 West 42nd St. Corp. v Klein, supra, at p 694.)
The Nassau County Veterans Memorial Coliseum, as noted in the legislative history, is an area known for its illegal activity in contravention of section 168-a of the General Obligations Law. In May, 1972, Senator Ralph Marino stated in a letter to the Honorable Michael White-man: “The extension of this law to the County of Nassau is deemed necessary in view of the recent completion of the Nassau County Veterans Memorial Coliseum.” The Gen *225 eral Business Law was subsequently amended to include the phrase “or in the county of Nassau”.
The defense equates the alleged geographic selective enforcement at Nassau Memorial Coliseum with “invidious discriminatory enforcement.” Both the New York courts and United States Supreme Court have ruled otherwise.
The Supreme Court of the United States has held that “conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation” (Oyler v Boles, 368 US 448, 456, and that “abstract symmetry” was not necessary under the “equal protection of the law” clause. (Patsone v Pennsylvania, 232 US 138, 144.) The New York Court of Appeals stated: “mere unequal application of a statute fair on its face does not of itself violate equal protection”. (People v Acme Markets, supra, at p 330.)
The defense must meet the “ ‘heavy burden’ ” of showing a “consciously practiced pattern of discrimination.” (People v Goodman, supra, p 268; emphasis supplied.) The mere showing of some selectivity by enforcement officials fails to meet this requirement or overcome an established presumption of valid “good-faith” enforcement.
The Legislature has declared this area to be a matter of legitimate public concern and interest within the inherent police powers of the State. Since hawked tickets for entertainment events are sold by ticket speculators at the Nassau County Coliseum, the allegation of selective enforcement at this location is not of such an “invidious discriminatory nature” as claimed by defendant but rather should be considered a proper and expected means of police deterrence. The mere allegation of selective enforcement is not sufficient to grant a motion to dismiss the charges.
The defense also argues that an allegation of one solicitation does not constitute “the business of selling” as required by section 168-a. The defense therefore maintains that the complaint is insufficient on its face.
The definition of “business” in Black’s Law Dictionary includes the phrase “habitually busies or occupies or engages” (5th ed, p 179). The term “business” however has been defined in more general terms as, for example, that *226 which “occupies the time, attention, and labor of men for the purpose of livelihood or profit”. (Bouvier’s Law Dictionary [Rawle’s 3d rev], p 406; Richards v Commissioner of Internal Revenue, 81 F2d 369; Gutowsky v Jones, 100 F Supp 852.) Since the Legislature has indicated its disapproval of the practice an appropriate interpretation of “business” would encompass individual solicitations as well.
Upon examination of the complete article 10-C of the General Business Law (“Theatre Tickets”), and its legislative history, the statute’s purpose clearly was to include individual solicitations within the purview of the legislation. Regarding the construction of a penal statute, the law demands, that, “the clear intention of the Legislature is not to be defeated through interpretation, nor may the literal meaning of words defeat the manifest intent of a statute * * * penal statutes must be construed to effect that intent.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 272; emphasis supplied.) By limiting the definition of “business” to solely “habitual” transactions is to pervert the Legislature’s clear intention, i.e., the prevention of ticket hawking at excessive “prices.
Based upon all of the foregoing, the defendant’s motion to dismiss the charges pending herein are denied.