■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY GORDON, Appellant.—Appeal from the judgment of the Supreme Court, New York County (Carol Berkman, J., on the motion; Paul Bookson, J., at trial and sentence), rendered on July 19, 1985, convicting defendant, following a jury trial, of attempted murder in the second degree, two counts of assault in the first degree, and criminal possession of a weapon in the second degree and sentencing him to a term of imprisonment of from 2 to 6 years to run concurrently with three terms of from 1½ to 4½ years, is held in abeyance and the matter remanded for a hearing pursuant to CPL 30.30.

In an indictment filed on December 28, 1984, defendant was charged with attempted murder, two counts of assault in the first degree, and one count each of criminal possession of a weapon in the second and third degrees. After the People declared their readiness for trial, defendant moved to dismiss the indictment on the ground that more than six months had

elapsed since the commencement of the criminal action against him, citing CPL 30.30. The motion, as well as a request for a hearing, was denied by the court, which held CPL 30.30 inapplicable to a proceeding in which the defendant is charged with attempted murder. We disagree. Section 30.30 expressly excludes from its operation those cases in which a defendant is accused of a homicide offense as defined in Penal Law §§ 125.10, 125.15, 125.20, 125.25, and 125.27, all of which require that the conduct in question has resulted in the victim's death. However, section 30.30 does not specify an attempt to commit a homicide as one of its exceptions. Attempted crimes are dealt with separately in Penal Law article 110, and, indeed, an attempt to commit a particular offense does not constitute the same crime as the actual commission of that offense and almost always subjects the perpetrator to a lesser penalty. *(People v Walker,* 120 Misc 2d 235.) Since section 30.30 does not exclude the crime of attempted murder from its purview, the court should have granted defendant's motion to the extent of directing a hearing on the issue of whether the People had satisfied their obligation to be ready for trial within the provisions of CPL 30.30. We have examined defendant's other contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Lynch, Milonas and Rosenberger, JJ.