■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY QUINONES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Scancarelli, J.), rendered March 15, 1984, convicting him of criminal possession of a weapon in the second degree, reckless endangerment in the first degree, attempted assault in the second degree and leaving the scene of an accident, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Marasco, J.) of the defendant's motion to dismiss the indictment pursuant to CPL 30.30 and 30.20.

Ordered that the judgment is affirmed.

While the County Court incorrectly concluded that the crime of attempted murder in the first degree is not subject to

the six-month limitation set forth in CPL 30.30, the defendant's speedy trial motion was nevertheless properly denied since the People clearly met their burden under the statute and the defendant raised no issue of fact that required a hearing (CPL 210.45 [5] [a]).

The crime, which involved shooting at a pursuing police officer following a high-speed chase for a speeding violation and subsequent accident, occurred on September 8, 1979. The defendant thereafter fled the jurisdiction and lived in California under an alias, thereby successfully avoiding apprehension until July 1982. After he was returned to New York State, he was arrested on August 4, 1982, on the outstanding warrant under the felony complaint concerning the instant charges. The People announced their readiness for trial on September 28, 1982, but the defendant argued they were not ready until December 16, 1982.

The People must be ready for trial within six months of the commencement of a criminal action charging the defendant with a felony, except where the "defendant is accused of an offense defined in sections 125.10, 125.15, 125.20, 125.25 and 125.27 of the penal law" (CPL 30.30 [1] [a]; [3] [a]). The defendant was accused of attempted murder in the first degree but not of the completed crime. The speedy trial provision for excluded crimes uses unambiguous language and does not extend to offenses involving an attempt to commit the enumerated crimes (Penal Law article 110). The Legislature listed attempted offenses in addition to completed ones when it deemed it appropriate. For example, the crime of felony murder specifies that it applies to attempts as well as completed commissions of certain enumerated felonies (Penal Law § 125.25 [3]). Where the statutory language is free from ambiguity, resort may not be had to arguments that the Legislature could not have intended to have excluded crimes as serious as the attempted murder of a police officer (McKinney's Cons Laws of NY, Book 1, Statutes § 76; *Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557, 565; *Matter of Daniel C.,* 99 AD2d 35, 41, *affd* 63 NY2d 927).

The People were clearly ready within six months of commencement of the criminal action, not counting time periods appropriately excluded under the statute. The entire period of the defendant's absence, which resulted from his attempt to avoid apprehension, is excluded from the time within which the People must be ready *(see, People v Bratton,* 103 AD2d 368, *affd* 65 NY2d 675). The period from his arrest on the

outstanding warrant until the date he concedes that the People were ready for trial was well under six months, and much of this period was excludable due to a defense omnibus motion and demand to produce (CPL 30.30 [4] [a]). The defendant raised no facts to indicate that any of the postreadiness delay was due to conduct by the People (see, People v Anderson, 66 NY2d 529).

The court correctly concluded that the defendant's constitutional right to a speedy trial was also not violated (CPL 30.20). The defendant specified no grounds whereby he was significantly prejudiced; the crime of attempted murder in the first degree with which, among others, he was charged, is one of the most serious felonies; and most of the delay was due to the defendant's own conduct in evading apprehension (see, People v Mastrangelo, 100 AD2d 914; see also, People v Taranovich, 37 NY2d 442).

We have considered the defendant's remaining contentions, including those raised in his supplemental brief, and have found them to be without merit. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.