■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Radin, J.), rendered March 19, 1985, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUPERT WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered February 14, 1984, convicting him of robbery in the first degree (seven counts) and attempted aggravated assault upon a police officer, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to dismiss the indictment pursuant to CPL 30.30 and 30.20.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the

hearing court erroneously denied his motion to dismiss the indictment pursuant to CPL 30.30. While the court erred in concluding that the time limitation of the statute was inapplicable to the instant indictment because one of the offenses charged was attempted murder in the first degree *(see, People v Quinones,* 126 AD2d 757; *People v Gordon,* 125 AD2d 257; *People v Walker,* 120 Misc 2d 235), it is nevertheless clear that the only disputed period of delay prior to the People's announcement of readiness on the record on the date the case was called for trial was caused by the court's failure to call the case at an earlier date. Since this period of delay is not chargeable to the prosecution under CPL 30.30 *(see, e.g., People v Conrad,* 93 Misc 2d 655, *affd* 44 NY2d 863; *People v Smith,* 97 AD2d 485), the announcement of readiness was timely under the statute.

Similarly unavailing is the defendant's claim that he was deprived of his constitutional right to a speedy trial. The hearing court correctly found that the serious nature of the charges in the instant 96-count indictment, the fact that much of the delay was attributable to the defense, and the absence of convincing evidence indicating impairment of the defense due to the delay, all militated against the granting of the defendant's motion to dismiss *(see, People v Watts,* 57 NY2d 299; *People v Taranovich,* 37 NY2d 442; *People v Quinones, supra).*

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.