Harold Tessler, J.
In an action to foreclose a mortgage on real property, the plaintiffs move (1) for summary judgment, (2) for the appointment of a referee to compute the amount due on the mortgage and the note, including counsel fees, as set forth in the note and (3) to amend the caption of the action.
The facts are not disputed. On July 16, 1965, the corporate defendant, William Hartmann & Son, Inc., executed a note for $15,000 at 6% interest, which was to be self-amortizing and repaid in 60 equal monthly installments of $290 each, including interest. The individual defendants, William Hartmann and Agnes Hartmann, were guarantors of the note. In consideration of the note the plaintiffs paid and the said corporation received the sum of $11,000 only. As security the corporation executed the mortgage now sought to be foreclosed.
The note provides that the terms of the mortgage are deemed part of the note and that a violation thereof will cause the unpaid balance due under the note at the time of default to be due and payable. The mortgage provided that if the mortgagor falls into default on any prior mortgage the mortgagee may pay the same and the mortgagor, on demand, will repay the amount so paid with interest at the legal rate and the same shall be added to the mortgage indebtedness and secured by the mortgage. The mortgage also contained an acceleration clause which provided that the whole of the principal sum and interest shall become due at the option of the mortgagee if the mortgagor is in default under a prior mortgage and the mortgagee has made any payment thereon.
Commencing January 1, 1966, the mortgagor was in default in making certain payments due to the first mortgagee, the Franklin National Bank of Franklin Square, which default eventually reached the sum of $1,158.67. This amount was paid by the plaintiffs in order to prevent the foreclosure of the first mortgage. Although demand was made upon the mortgagor and the guarantors to cure the default, this was not done and the *395 plaintiffs elected to exercise their option to accelerate the balance due on the note.
The sole defense is that the interest charge was in violation of section 2401 of the Penal Law and subdivision 3 of section 5-521 of the General Obligations Law and, accordingly, was usurious.
Prior to the enactment of those laws, which became effective July 1, 1965, usury was not generally available as a defense to a corporation (General Obligations Law, § 5-521, subd. 1), nor was this defense available to an individual guarantor or surety of a corporation’s debt, (Rosa v. Butterfield, 33 N. Y. 665; Union Estates Co. v. Adlon Constr. Co., 221 N. Y. 183.)
The aforesaid laws were passed by the Legislature in 1965 in order to curb certain abuses by persons commonly known as “ loan sharks ” who charged high interest rates but avoided the defense of usury by insisting that the individual borrower organize a corporation which then became the nominal borrower. (N. Y. State Legis. Annual, 1965, p. 50.) Those sections provide as follows:
“Any person who, except as otherwise authorized or permitted by law, shall wilfully and knowingly, directly or indirectly, charge, take or receive in money, goods or things in action, or in any other way, interest at a rate exceeding twenty-five percent per annum or the equivalent rate for a longer or shorter period, upon the loan or forbearance of any money, goods or things in action, shall be guilty of criminal usury, a felony, and upon conviction thereof shall be punished for each offense by imprisonment for a term not exceeding five years or by a fine not exceeding five thousand dollars, or both.
"Nothing in this section shall in any way be deemed to modify, alter or amend the provisions of the general obligations law, the banking law, the general business law or any other law which limits or defines lawful rates of interest in this state.” (Penal Law, § 2401.)
‘ ‘ The provisions of subdivision one of this section shall not apply to any action in which a corporation interposes a defense of criminal usury as described in section twenty-four hundred one of the penal law.” (General Obligations Law, § 5-521, subd. 3.)
Nominally the transaction in the instant case was a loan at 6% interest. On its face it is not usurious. It is conceded, however, that there was a discount of $4,000, which must be added to the cost of the loan and considered as additional interest. The question is, when this discount should be considered paid or payable.
*396 The defendants contend that it was paid in full at the time the loan was made, since the borrower signed a note for $15,000 and only received $11,000 and that this represented interest of 40% in one year, in violation of the law. The plaintiffs contend that the discount of $4,000 should be prorated over the life of the loan, since the loan was self-amortizing and since the lender could not cause an acceleration unless the borrower was in default.
If the discount is added to the stated interest of 6% and prorated in this manner, the total interest charge is not in excess of 25%. The problem herein, of course, would not have arisen had the plaintiffs stated the true amount of interest on the note instead of concealing it by a substantial discount.
This apparently is the first case arising under the aforesaid sections. A somewhat analogous situation, however, was discussed by the Appellate Division for the Second Department in Feldman v. Kings Highway Sav. Bank (278 App. Div. 589, affd. 303 N". Y. 675). In that case the plaintiff borrowed $15,000 from the defendant in 1949. The indebtedness was evidenced by a bond and secured by a mortgage which provided that the plaintiff was to pay the defendant the sum of $159.10 monthly, to be applied first on the amount of interest on the unpaid balances of principal at the rate of 5% per annum and the remainder on account of principal and that the payments were to continue until April 1, 1959, when the entire unpaid balance of principal and interest would be payable. In 1950, the plaintiff, while not in default, paid the entire balance of the indebtedness and was charged an additional sum of $2,000 as a prepayment privilege charge. He contended that this charge constituted usury. The Appellate Division held that this payment was not a payment of interest and, therefore, could not be the basis of a claim of usury. The court stated (p. 590), however, that “Even if it were considered as interest, so long as all payments on account of interest did not aggregate a sum greater than the aggregate of interest that could lawfully have been earned had the debt continued to the earliest maturity date, there would be no usury. ’ ’
In the court’s opinion that rule is appropriate to the instant situation. The loan should be considered to have been in the amount of $11,000. The interest should be calculated on the balances which remain unpaid after the payment of each installment of $290. The true percentage of interest charged is that amount which would permit the entire indebtedness to be repaid over the course of 60 monthly installments of $290 each.
The plaintiffs have furnished the court with numerous charts showing the various ways to compute the amount of the interest. *397 The defendants do not dispute their accuracy. Exhibit 8 is a schedule showing that a loan of $11,000 at 19.764% interest.may be repaid in 60 equal installments of $290 each. Exhibit 9 is a schedule showing that the same loan at 25% interest, also payable in installments of $290 each, would require 76 installments in order to be fully repaid.
. It is obvious that if this court is correct in its holding that the total interest must be prorated over the term of the loan to earliest maturity, then the amount of interest and discount charged herein is not in excess of 25%.
The motion is granted.