Morris Aarons, J.
The defendant in this case moves to dismiss the indictment on the grdund that he was indicted by a Grand Jury selected by standards which violated the equal pro *432 tectiow law of the Constitution. The section involved on, this , motion is subdivision 7 of section 665 of the1 Judiciary Law. Defendant has further requested a “ hearing to establish that, the effect of the- unconstitutional procedure is to produce a grand -jury, composed ;of. males.” .On-Hay 2,1974, the defendant 'was' indicted by the Grand Jury of the Special Narcotics Courts , of the City of New York for allegedly seHingheroin on two separate occasions to an undercover police officer,. .
Section 665 of. the - Judiciary;: Law provides, that ' certain enumerated persons may be entitled to exemption upon . claiming such exemption, from jjoyy service.1 One. of. these persons is designated therein: as follows: “ 7. A woman.”
Both men and women are called for-jury service! The com-, plaint is that the -system .entitles every-woman a right to claim exemption whereupon. she is not compelled to . serve. Such right is not available to her main . Counterpart.; It is! further claimed that the effect of this right to exemption is do. (make any service^ by a Tornan -on a jury an essentially voluntary service. Accordingly,-it. is the1 contention of defendant, that he: has been-deprived of the equal protection.law or really, deprived Of what,he claiméd to be his federal Constitution right tó a.fair trial by jury of a representative, segment of the community.
Until the. United States- Supreme Court ruled in the caSe of Taylor v. Louisiana (419 U. S. 522) subdivision 7 of section 665 of the Judiciary Law was upheld as constitutional.
The United States Supreme Court in the Taylor-case found the, Louisiana. statute unconstitutional. Louisiana , Constitution (árt. "VTI, § ti), reads in pertinent part: “ The Legislature shall' provide for the election and dravdng of competent and. intelligent jurors for ..the trialof; civil andcriminal1 cases; provided,, however, that no woman .shall be drawn for jury service, unless she shall have previously filed:with the clerkmf the District! Court a written declaration of her desire to be. subject tó such, service.”
The isspe before the court-whs whether, a jury selection syA, tern which operates to exclude from jury 'Serviee an identifiable class of. citizens (women)' constituting 53% of'eligible jurors in , the community comports with-the Sixth and Fourteenth, Amendments. The opinion said (p. 525): “The Louisiana jury selection system does not disqualify Women from "jury servicé, but in operation its conceded systematié .impact is that only a very few.women, grossly disproportionate fó the number, of1 eligible women in the community,, áre called fdf jury Service, ” *433 In the Taylor case, no women were' on the venire from which the petit jury was drawn. .
The .inquiry before the court was whether the presence of a fair cross section of the community on venires, panels and lists from which ¿etit juries are drawn, is essential to the fulfillment of the jSixth Amendment’s guarantee of an impartial jury trial . in criminal prosecutions.
1 The court, in making its decision in favor of the defendant’s contention, prefaced it with (pp. 535-538):
“ It is.nevertheless true that until today no case had squarely held that The exclusion of women from jury venires deprives a criminal defendant of his Sixth Amendment right to trial by an impartial jury drawn from a fair cross section of the community. It is apparent that the first Congress did not perceive the Sixth Amendment as requiring women on criminal jury -panels * * * . It w;as not until the Civil Bights Act of 1957 * * * that Congress itself provided that all citizens, with >limitedz. exceptions, were competent to Sit on Federal juries; Until that time, Federal courts, were required by statute to exclude women frqm jury duty in those States where women, were disqualified. * * *• . .
“We think that it is no longer tenable to hold that women as a class may be excluded or given 'automatic exemptions based solely on sex if the consequence is that criminal jury venires are almost totally-mhle. (Italics supplied.) * * * If at one time it could be held that Sixth Amendment juries * * * requirement .permitted the almost total exclusion of women, this is not the case today. Communities differ at different times and places. * *' *
“ Our ¡holding does not augur or ‘authorize the fashioning of detailed jury .selection codes by Federal courts; The fair cross-section principle must have much leeway in application. The States remain free to prescribe relevant qualifications for their jurors and to provide reasonable exemptions so long as it may be fairly said that the jury lists or panels are representative of the community. Carter v. Jury Comm., supra * * * and other cases, recognized broad discretion in the States in this respecti We do not depart from the principles, enumerated in Garter. But, as „we have said, Louisiana’s special exemption for women operates to exclude them from petit juries, which in otir view is contrary to' the command of the Sixth and Fourteenth Amendments. / '■ '
“ It should also be emphasized that in holding that' petit juries must be drawn from a source fairly representative of *434 the community, we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants, are not entitled to a jury of any particular composition * * * but the jury wheels, pools of names, panels or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.”
Obviously under the Louisiana law excluding a woman from jury service unless .she made written application requesting to serve, would fail to provide juries which would represent a fair cross section of the community. This was factually obvious because although women made up 53% of the community, there were no women on the trial jury panel in the Taylor case. Thus, this method was found by the Supreme Court of the United States to be unsatisfactory and not in compliance with the constitutional requirement.
The Supreme Court, however, stated that it was not setting any particular standards for the States to follow. This was for each State to decide for itself as long as the result provided a jury system that fairly represented a cross section of the 'community.
In New York State, section 665 of the Judiciary Law provides that physicians, lawyers, pharmacists and others1 including women are entitled to an exemption when called, if claim therefor is made. Here, women are called and must serve unless they claim an exemption. There is no automatic exemption. The word, automatic, according to Webster’s Dictionary means wholly involuntary or acting or done spontaneously or unconsciously. The exemption does not take place involuntarily or spontaneously or unconsciously. There must be a positive move on the part of the woman who desires to be exempt. In New York State, women are 'automatically required to serve as jurors unless demand is made for an exemption.
New York County experience appears to 'be that women make up 20.7% of peti't juries and 35% of grand juries. I do not believe that this can be considered in the same light as the Louisiana Constitution or statute, although as far as petit juries are concerned the percentage maybe should be higher or that it would be better to have a higher percentage. Nevertheless, it cannot be said that it is not a fair representation of the community, considering both availability of men and women,
However, in this case, the defendant’s Grand Jury panel as a matter of fact, as stated by the Assistant District Attorney *435 on record, had 7 women ont of 21 jnrors present. Therefore, the issuing indictment came out of a Grand Jury that had a fair representation of women and as a matter of fact the defendant has therefore no standing to claim that he was personally aggrieved.
Moreover, the Supreme Court of the United States refused A make the ruling on balancing of jury panels retroactive because it would have a substantial impact on the administration of criminal justice in Louisiana and other States. Since the indictment in this case preceded the decision of the Supreme Court of the United States in the Taylor case, the ruling there does not apply to the indictment herein.
The law regarding jury service of women has a long history of exclusion from service on juries of women, with a change of view only a few years ago to acceptance of women on juries, to the present requirement that women make up a fair representative segment of jury panels.
This was an evolutionary process which grew as the independence of women increased and recognition of their equal rights became more apparent.
The hit line in the play, “ My Fair Lady ”— “ Why can’t a woman be like a man ” is no longer a naive statement of a bachelor who did not understand women.
We must concede that women have reached great heights in the activities and affairs of this country including politics and business and other fields, particularly when we see women as Governors, a Lieutenant Governor, as legislators, as executives of large corporations with recorded accomplishments on a par with men. Therefore, along with the elimination of sex discrimination goes elimination of sex consideration and the requirement that women accept the responsibility heretofore only required of men.
Although I do not find the statutes which provide for exemptions to women unconstitutional, I do believe that it is outdated and women should be required to serve as jurors as well as the man, subject to any special right of exemption to women based upon good reason. I understand that this is being considered by the Legislature and Governor and that there is a good possibility that section 665 of the Judiciary Law concerning exemption for women will be modified.
A decision by the trial court declaring the New York State law unconstitutional under these circumstances would be improvident. New York courts have held on numerous occasions that a statute should not ordinarily be set aside as unconstitu *436 tional by a court of original jurisdiction unless such conclusion is inescapable.
Motion to declare subdivision 7 of section 665 of the Judiciary Law void as a violation of the Federal Constitution is denied.