■ PATRICIA FIELDS, Appellant, v BAY SHORE TAXI SERVICE, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered April 6, 1976, which, after a jury trial, is in favor of defendants and against her. Judgment affirmed, with costs. Under the facts of this case, it may not be said that the evidence preponderated so greatly in plaintiff's favor that the verdict could not have been reached upon any fair interpretation of the evidence (see *McGrath v Abramowski,* 35 AD2d 669; *Pertofsky v Drucks,* 16 AD2d 690). Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.

■ FLUSHING NATIONAL BANK, Respondent, v PINETOP BUILDING CORP. et al., Appellants.—In an action *inter alia* upon a promissory note, defendants appeal from a judgment of the Supreme Court, Queens County, entered April 27, 1976, which is in favor of plaintiff. Judgment affirmed, with costs. The plaintiff is a national bank which loaned money to defendant Pinetop Building Corp., the maker of a promissory note. The individual defendants are guarantors of that note. At the trial, it was adduced that the loan was at an interest rate of 27.5% per year. Defendants contend that under section 190.40 of the Penal Law, which makes loans at an interest rate in excess of 25% per annum criminally usurious, the entire loan, principal and interest, is illegal and void, and hence unenforceable. Under subdivision 6 of section 108 and section 235-b of the Banking Law, the sole penalty for any usurious loan by a banking institution is the forfeiture of interest. Section 190.40 of the Penal Law was not intended to cover loans by banks (see *Franklin Nat. Bank of L. I. v De Giacomo,* 20 AD2d 797; *Reisman v Hartmann & Son,* 51 Misc 2d 393). Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.