OPINION OF THE COURT
Luis M. Ñeco, J.
The defendant has moved to dismiss all charges against him in that he has been denied his right to confront a witness in violation of the Sixth Amendment.
The facts are as follows:
On May 23, 1977, the defendant was arrested. He was charged with the crimes of grand larceny, criminal possession of stolen property, and unauthorized use of a vehicle.
The defendant was arraigned on May 25 and a preliminary hearing was held on October 25, 1977.
At the hearing, the People produced one witness, a member *734 of the New York City Police, Officer Jacoby. The witness testified to the effect that he had received information that the automobile driven by the defendant had been reported stolen. The officer testified he stopped the vehicle and placed the defendant under arrest.
At the preliminary hearing, the People sought to introduce into evidence an affidavit signed by Manuez Santiago. It stated that Santiago was the owner of the vehicle in question and that the defendant had "no right to take, operate, use, damage, tamper, or exercise dominion or control of said property and had no right to possession thereof.”
The defendant contends that the introduction of an affidaivt of permission and authority into evidence at a preliminary hearing is unconstitutional in that it deprives the defendant of the right to confront witnesses against him.
The affidavit was submitted pursuant to CPL 180.60 (subd 8). This section has recently undergone an amendment (L 1975, ch 307, § 1, eff June 24, 1975). The amendment authorizes the use at preliminary hearings (and in Grand Jury proceedings) of sworn statements in lieu of personal appearances of certain witnesses under certain circumstances.
The issue raised is whether this statute deprived the defendant of his right to confront witnesses.
CPL 180.60 (subd 8) now permits the admissibility of sworn statements of the kind specified in CPL 190.30 (subds 2, 3).
CPL 180.60 (subd 8) states: "Upon such a hearing, only non-hearsay evidence is admissible to demonstrate reasonable cause to believe that the defendant committed a felony; except that reports of experts and technicians in professional and scientific fields and sworn statements of the kinds specifíed in subdivisions two and three of section 190.30 are admissible to the same extent as in a grand jury proceeding, unless the court determines, upon application of the defendant, that such hearsay evidence is, under the particular circumstances of the case, not sufficiently reliable, in which case the court shall require that the witness testify in person and be subject to cross examination. ” (Emphasis added.)
Under CPL 190.30, a Grand Jury may now receive evidence by way of a sworn written or oral statement of a witness, as to, among other things, the witness’ ownership of a vehicle and the absence of his consent to defendant’s taking, operating, using or exercising control over it.
*735 CPL 190.30 (subd 3) states:
"3. A written or oral statement, under oath, by a person attesting to one or more of the following matters may be received in such grand jury proceeding as evidence of the facts stated therein:
"(a) that person’s ownership of premises, as defined in section 140.00 of the penal law, and of the defendant’s lack of license or privilege to enter or remain thereupon;
"(b) that person’s ownership of, or possessory right in, property, the nature and monetary amount of any damage thereto and the defendant’s lack of right to damage or tamper with the property;
"(c) that person’s ownership of property, as defined in section 155.00 of the penal law, its value and the defendant’s lack of superior or equal right to possession thereof;
"(d) that person’s ownership of a vehicle and the absence of his consent to the defendant’s taking; operating, exercising control over or using it;
"(e) that person’s qualifications as a dealer or other expert in appraising or evaluating a particular type of property, his expert opinion as to the value of a certain item or items of property of that type, and the basis for his opinion;
"(f) that person’s identity as an ostensible maker or drafter of a written instrument and of its falsity within the meaning of section 170.00 of the penal law.” (Emphasis added.)
Basically, the statutes permit the use at preliminary hearings on a felony complaint of sworn statements instead of personal appearances for certain witnesses.
It must be noted that CPL 180.60 (subd 8) does contain safeguards. First, the defendant may make an application that the evidence presented is not sufficiently reliable. The court may then pass on the reliability and if it finds insufficient reliability, the court must require the personal appearance, testimony and subjection to cross-examination of the witness.
Also, personal appearance and testimony are required at a hearing of a witness who is an identification witness against the defendant (see Bellacosa, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.60, Supplemental Pocket Part, 1976-1977, pp 37, 38).
Before this court ventures further, some examination of the concept of the preliminary hearing should be considered.
*736 A preliminary hearing of one accused of a crime ordinarily is necessary or the accused has a right to such a hearing only where it is required or authorized by statute.
The preliminary examination was unknown at common law, and in the absence of a statute providing otherwise, a preliminary examination is not a prerequisite or an indispensable step in the prosecution of a person accused of a crime (22 CJS, Criminal Law, § 332).
At the preliminary hearing, the People’s case need only present a broad outline of the facts; added to this fact is that the court may narrowly limit cross-examination at the preliminary hearing (CPL 70.10, subd 2; 180.10, subd 2; 180.60, subd 7; 180.70, subd 1; 180.80).
In Coleman v Alabama (399 US 1), the Supreme Court held that a preliminary hearing is a "critical stage” of a State’s criminal process at which the accused has a constitutional right to the assistance of counsel. Among the advantages of counsel set forth by the Supreme Court were the attorney’s "skilled examination and cross-examination of witnesses” which would lead to exposure of "fatal weaknesses in the State’s case”, along with fashioning "a vital impeachment tool for use in cross-examination of the State’s witnesses at the trial” (p 9).
Thus, as noted, the preliminary hearing has been deemed a critical stage of the criminal proceeding (when it does, in fact, take place). The expertise of an attorney present at such a hearing does, indeed, make a difference within the limited stage of the proceedings, albeit a crucial stage, known as the preliminary hearing.
The defendant in a criminal case is entitled to be confronted with all witnesses against him. This is a common-law right, which was carried into the Constitution by the Sixth Amendment (see United States v Barracota, 45 F Supp 38). If an accused is to be deprived of his right under the Sixth Amendment to confront witnesses against him, there must be salient and cogent reasons for the deprivation (Evans v Dutton, 400 F2d 826).
This court will not dispute the above maxims as they pertain to the right of confrontation.
Here, under CPL 180.60 (subd 8), confrontation of the witness is not denied. Confrontation is put off until the trial. Within the preliminary hearing framework, the affidavit is *737 more than adequate and is not violative of any constitutional framework that this court is aware of.
As stated in the United States Constitution, the Sixth Amendment, "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him”.
The defendant herein confuses various stages of the criminal prosecution or action with the over-all procedure. A criminal prosecution or action is commenced by filing an accusatory instrument with a criminal court (or in a superior court by filing an indictment with a Grand Jury against a defendant [CPL 100.05]).
The action or prosecution may have many phases, including a preliminary hearing, until it is terminated. The Sixth Amendment guarantees confrontation with the witness(es) at some point in the over-all prosecution and not at each and every stage of the prosecution.
In effect, there is no Sixth Amendment requirement that a defendant be allowed to confront a witness at a preliminary hearing prior to trial (United States v Harris, 458 F2d 670, cert den sub nom. Scott v United States, 409 US 888).
Confrontation and cross-examination of witnesses is not essential, as a matter of constitutional principle, for judicial determination of probable cause for detention required by the Fourth Amendment as to persons arrested without a warrant and charged by information with stated offenses (Gerstein v Pugh, 420 US 103).
As stated by the United States Supreme Court: "The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial.” (Barber v Page, 390 US 719, 725.)
Due process does not require that the accused be afforded the right to confront and cross-examine at the preliminary hearing all of the witnesses against him (Merrill v State, 423 P2d 686 [Alaska], cert den 386 US 1040).
The affidavits now provided for in the statutory scheme of the CPL seek to place less of a burden on a witness. They permit enough information to satisfy the preliminary hearing *738 requirement and allow the witness to accomplish his or her task via the vehicle of affidavit without waiting many hours or suffering adjournments without even testifying.
The affidavit promotes justice in that the witness is not inconvenienced. The witness’ testimony (if any) takes place at the trial. The defense attorney can avail himself of the affidavit which he may then utilize in his strategy for trial and to cross-examine the witness at trial.
Finally, in a situation where the constitutionality of a statute is raised, this court must give consideration to the presumption of the constitutionality of a legislative enactment —a presumption not readily overcome (People v Venable, 46 AD2d 73; People v Broadie, 45 AD2d 649).
In most instances, courts are reluctant to overthrow the action of the Legislature in the exercise of its police power, if the Legislature acts reasonably (People v Amber, 76 Misc 2d 267).
Judicial inquiry is not foreclosed as to the constitutionality of any individual enactment, even though strong presumptions of constitutionality attach to any act of the Legislature (People v Pagnotta, 25 NY2d 333; People v Kaiser, 21 NY2d 86, affd 394 US 280. A statute should not ordinarily be set aside as unconstitutional by a court of original jurisdiction unless such conclusion is inescapable (People v Tabb, 80 Misc 2d 431; People v Estrada, 80 Misc 2d 608; People v Webb, 78 Misc 2d 253).
Here, the defendant has not overcome the burden of the presumption of constitutionality of this legislative enactment.
Therefore, the defendant’s motion to dismiss all charges against him is denied.