OPINION OF THE COURT
Anne G. Feldman, J.
This is an action to recover on a loan. From the testimony at trial, the court finds that on the last day of 1977, defendant visited plaintiff at her home seeking a loan to advance his business ventures. He represented himself to be desperately in need of Funds before the end of the calendar year. To persuade plaintiff to lend him the money immediately, defendant promised permanent employment for plaintiff and her daugh *935 ter in his business and offered plaintiff a 17% rate of return on her loan. When plaintiff expressed some concern over the high rate of interest suggested by defendant, he assured her that this would not be a problem because the loan was really for his corporation, Photophone Sales, and would be handled through it. Plaintiff then reluctantly agreed to lend defendant the money, and together she and defendant went to the bank where she obtained a bank check for $2,000 and turned it over to him. She also prepared with him two agreements, under one of which he agreed to repay her personally.
During the next two months, defendant made two interest payments totaling $470 and promised to repay the balance of the loan as soon as he was able. However, in spite of plaintiff’s frequent inquiries, defendant has made no further payments. Photophone Sales, which was really a one-man operation, is defunct, and plaintiff now seeks to recover the principal less the two interest payments, admittedly already made by defendant from defendant personally. Defendant raises the affirmative defense of usury, claiming that the action is barred by sections 5-501 and 5-511 of the General Obligations Law.
Section 5-501 of the General Obligations Law expressly prohibits the lending money to individuals at a usurious rate of interest. The purpose of such a law "from time immemorial, has been to protect desperately poor people from the consequences of their own desperation.” (Schneider v Phelps, 41 NY2d 238, 243.) Hence, the statutory penalty for usury is severe; the lender loses the principal as well as the interest. (General Obligations Law, § 5-511.)
However the corporate borrower does not require the same protection as the individual; therefore, a corporation is prohibited by statute from asserting the usury defense (General Obligations Law, § 5-521) in the interest of promoting the free enterprise economy which depends upon the ready availability of financing. "So long as the borrower is aware of the potential risk and acts in the belief that the ultimate profit justifies the risk undertaken, the free market in money operates without friction and there is no need for legislative or judicial interference.” (Schneider v Phelps, supra, p 243.) The prohibition against a corporation asserting the usury defense has been upheld even where the borrower forms a "shell” corporation solely to accept a loan at a high rate of interest and thus avoids the usury statute, so long as the money loaned is used for a corporate purpose. (Schneider v Phelps, supra.) And, *936 where individual guarantors borrowed money through a "shell” corporation, the usury defense was held unavailable to them where the loans were used to further a commercial enterprise. (Leader v Dinkier Mgt. Corp., 20 NY2d 393; Jenkins v Moyse, 254 NY 319.)
Here, a judgment against the corporation, Photophone Sales, is useless and would have the effect of granting defendant a windfall. Clearly defendant was aware of what he was doing.
The intent of both parties, as evidenced by the documents inartfully drawn by them to represent their agreement, and by the credible testimony at trial is clear: plaintiff lent the money to defendant for the use of the corporation and relied solely upon the statements of defendant about the nature and the financial position of Photophone Sales as a basis for making the loan. It was plaintiffs understanding that defendant would be personally responsible for the repayment of the loan to Photophone Sales, and it was to defendant only that plaintiff addressed her frequent demands for payment. The court finds that defendant personally guaranteed the loan made to Photophone Sales, and that the loan was made to further defendant’s commercial ventures. The court further finds that defendant used unscrupulous and high-pressure tactics in persuading plaintiff to make the loan and that defendant created the environment in which the loan was made. Thus, it would be beyond the purview of the Legislature’s prohibition against usury and grossly inequitable to allow defendant to profit from his own wrongdoing.
Plaintiff seeks judgment in the amount of $1,530, representing the principal of the loan minus the "interest” payments already made. Such an award is clearly in the interests of justice.