■ TIDES EDGE CORPORATION, Appellant, v CENTRAL FEDERAL SAVINGS, F.S.B., Respondent.—In an action to recover money damages under Banking Law § 108 and General Obligations Law § 5-511, and for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Brucia, J.), dated February 26, 1988, which denied its motion for summary judgment with respect to its first cause of action and granted the defendant's cross motion for partial summary judgment dismissing that cause of action, and (2) as limited by its brief, from so much of an order of the same court, dated June 28, 1988, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 26, 1988 is dismissed, as that order was superseded by the order dated June 28, 1988 made upon reargument; and it is further,

Ordered that the order dated June 28, 1988 is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Pursuant to a building loan agreement, the respondent Central Federal Savings, F.S.B. (hereinafter Central Federal) agreed to lend the appellant Tides Edge Corporation (hereinafter Tides Edge) $4,250,000. Central Federal actually advanced $973,520 to Tides Edge. For reasons that are unclear from the record, construction did not proceed and no further amounts were advanced.

Tides Edge repaid the $973,520 plus interest and commenced this lawsuit alleging, inter alia, in its first cause of action, that the loan was usurious. Tides Edge alleged that it was entitled to recover twice the amount of interest it had paid under General Obligations Law § 5-511 and Banking Law § 108 (6), which provide that, where a loan is usurious, the borrower is entitled to recover from the lender "twice the entire amount of the interest thus paid" (General Obligations Law § 5-511 [1]; Banking Law § 108 [6]).

Except for cases of criminal usury under Penal Law

§ 190.40, a corporation may not interpose the defense of usury *(see,* General Obligations Law § 5-521). Thus, a usurious contract, although void as against an individual, retains its validity when the borrower is a corporation *(see, Jenkins v Moyse,* 254 NY 319, 324; *see also, Leader v Dinkler Mgt. Corp.,* 20 NY2d 393, 400). A corporate borrower may not avail itself of those statutory provisions that declare usurious contracts void and provide attendant remedies *(Dilg v Bank of U. S.,* 244 App Div 223, 225; *see,* General Obligations Law § 5-521).

Although the plaintiff alleges a violation of the Equal Protection Clause, it has failed to address the issue of whether the distinction between corporations and natural persons is an "inherently invidious" classification not rationally related "to the achievement of legitimate governmental ends" *(Searle & Co. v Cohn,* 455 US 404, 408). In any event, we find that this distinction does not constitute invidious discrimination *(see, Lehnhausen v Lake Shore Auto Parts Co.,* 410 US 356, 359, *reh denied* 411 US 910).

On its motion to reargue, Tides Edge asserted that the interest payable under the agreement exceeded 25% and that constituted criminal usury under Penal Law § 190.40. Accordingly, the plaintiff contended that it could still avail itself of the remedies provided by General Obligations Law § 5-511 and Banking Law § 108 (6). However, banks cannot be charged with criminal usury *(Flushing Natl. Bank v Pinetop Bldg. Corp.,* 54 AD2d 555, *affd* 42 NY2d 1038). Accordingly, Tides Edge's contention in this regard was without merit.

In any event, given the fact that the amount that respondent agreed to advance exceeded $2,500,000, the transaction is exempt, under General Obligations Law § 5-501 (6) (b), from the operation of any law regulating the payment of interest.

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Sullivan and Rosenblatt, JJ., concur.