■ JOEL WIENER et al., Appellants-Respondents, v LIFE STYLE FUTON, INC., et al., Respondents-Appellants. [851 NYS2d 355]—In an action, inter alia, to recover damages for breach of contract, (1) the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Queens County (Hart, J.), dated May 9, 2006, which, among other things, denied those branches of their motion which were for a preliminary injunction enjoining the defendants from utilizing the trade name "Life Style" and any variation thereof, selling futon covers wholesale, interfering with any mail addressed to "Life Style Futon Covers," and taking checks made payable to "Life Style Futon Covers," and granted those branches of the defendants' cross motion which were for a preliminary injunction enjoining them from utilizing the trade names "Life Style Futon Covers," "Life Style Futon, Inc.," and "Life Style Futon," utilizing the term "Life Style" when making retail sales of mattresses or furniture on the Internet, and utilizing the factory address or any logo used in the past by the defendants in connection with the retail and internet sales of mattresses and furniture, and (2) the defendants cross appeal from stated portions of the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiffs, with costs to the defendants.

In order to obtain a preliminary injunction (*see* CPLR 6301), the moving party must demonstrate (1) a likelihood of success on the merits, (2) an irreparable injury absent the granting of injunctive relief, and (3) a balancing of the equities in its favor (*see Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862 [1990]; *Iron Mtn. Info. Mgt., Inc. v Pullman,* 41 AD3d 656 [2007]). To the extent the Supreme Court denied certain injunctive relief to the plaintiffs and granted certain injunctive relief to the defendants, we find no basis, on this record, to disturb the court's determination.

The plaintiffs' remaining contentions are without merit. Fisher, J.P., Santucci, Lifson and Covello, JJ., concur.