■ VOLUNTEER FIRE ASSOCIATION OF TAPPAN, INC., Appellant, v COUNTY OF ROCKLAND et al., Respondents, et al., Defendant. [— NYS2d —]—

In a hybrid action, inter alia, for injunctive relief and to recover damages for trespass, and proceeding, in effect, pursuant to CPLR article 78 to review an undated determination of the County of Rockland, the County of Rockland Highway Department, and Andrew Connors, in effect, approving the modification of a certain road reconstruction project consisting of, among other things, the installation of a raised curb along the real property of the plaintiff/petitioner at 123 Washington Street in the Town of Orangetown, the plaintiff/petitioner appeals from an order of the Supreme Court, Rockland County (Berliner, J.), dated April 1, 2008, which denied its motion in the action, in effect, for a preliminary injunction enjoining the defendants/respondents from performing any work of any type on the subject road reconstruction project along its property pendente lite and compelling them to remove the raised curb already installed there. By decision and order on motion dated April 30, 2008, this Court granted the motion of the plaintiff/petitioner for a preliminary injunction enjoining the defendants/respondents from performing any work of any type on the subject road reconstruction project pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion of the plaintiff/petitioner in the action, in effect, for a preliminary injunction enjoining the defendants/respondents from performing any work of any type on the subject road reconstruction project along its property at 123 Washington Street in the Town of Orangetown pendente lite, and compelling them to remove the raised curb already installed there is granted, on the condition that the

plaintiff/petitioner post an undertaking pursuant to CPLR 6312 (b), in an amount to be fixed by the Supreme Court, Rockland County, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith, including the fixing of the amount of the undertaking.

In or about May 2000, the County of Rockland undertook a project to rebuild county roads by reconstructing certain pavement, curbs, and sidewalks. The work was performed by contractor Morano Brothers Corp. In November 2007, after the project had commenced, Andrew Connors, the Deputy Superintendent of the County of Rockland Highway Department (hereinafter the Highway Department), determined to implement a field change to the project involving the installation of a raised curb on approximately 57 feet of roadway fronting a firehouse owned by the plaintiff/petitioner (hereinafter the plaintiff) at 123 Washington Street in the Town of Orangetown. In response, the plaintiff commenced the instant hybrid action and CPLR article 78 proceeding contending, inter alia, that the raised curb constituted a trespass upon its property, and materially impeded access to and from its firehouse. The plaintiff further contended that the County's decision to install the raised curb was made in violation of the State Environmental Quality Review Act (ECL art 8), and that the County, Connors, and the Highway Department acted in excess of their jurisdiction in violation of Highway Law § 102 (15) and § 102-a.

In order to obtain a preliminary injunction (see CPLR 6301), the moving party must demonstrate: (1) a likelihood of success on the merits, (2) an irreparable injury absent the injunction; and (3) a balancing of the equities in its favor (see Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]; Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc., 50 AD3d 1072, 1072-1073 [2008]; Wiener v Life Style Futon, Inc., 48 AD3d 458 [2008]; Iron Mtn. Info. Mgt., Inc. v Pullman, 41 AD3d 656 [2007]). The existence of an issue of fact "shall not in itself be grounds for denial of the motion" (CPLR 6312 [c]; see Stockley v Gorelik, 24 AD3d 535, 536 [2005]). While the decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (see Gluck v Hoary, 55 AD3d 668 [2008]), we find that the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion (cf. Village of Westhampton Beach v Cayea, 38 AD3d 760, 762 [2007]). Specifically, the plaintiff demonstrated its entitlement to a preliminary injunction with respect to the cause of action alleging trespass.

Since CPLR 6312 (b) clearly requires that the party who secures a preliminary injunction must post an undertaking (see

*Winzelberg v 1319 50th Realty Corp.*, 52 AD3d 700, 702 [2008]), we remit the matter to the Supreme Court, Rockland County, for that purpose.

To the extent that the plaintiff contends that it was entitled to relief in connection with the CPLR article 78 petition, those contentions *are not properly before this Court*. Skelos, J.P., Fisher, Balkin and Belen, JJ., concur.