■ MIRIAM SHASHO, Appellant, v PRUCO LIFE INSURANCE COMPANY OF NEW JERSEY, Doing Business as PRUDENTIAL FINANCIAL,

et al., Defendants, and Tovia Shasho, Respondent. [888 NYS2d 557]—

In action, inter alia, for declaratory and injunctive relief, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 9, 2008, as denied those branches of her motion which were for a preliminary injunction enjoining the release of proceeds from certain life insurance policies to the defendant Tovia Shasho and enjoining that defendant from entering, filing, or enforcing a confession of judgment executed by the plaintiff, among others, pending the disposition of the action, and (2), as limited by her brief, from so much of an order of the same court dated March 12, 2009, as granted the application of the defendant Tovia Shasho, in effect, to permit the release of proceeds from certain life insurance policies to that defendant and to permit that defendant to enter, file, and enforce the confession of judgment.

Ordered that on the Court's own motion, the notice of appeal from the order dated March 12, 2009, is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated December 9, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 12, 2009 is modified, on the law, by deleting the provision thereof granting that branch of the application of the defendant Tovia Shasho which was, in effect, to permit that defendant to enter, file, and enforce a confession of judgment executed by the plaintiff, among others, and substituting therefor a provision denying that branch of the application; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Tovia Shasho.

The plaintiff moved, inter alia, for a preliminary injunction enjoining the release of proceeds from certain life insurance policies to the defendant Tovia Shasho (hereinafter the defendant) and enjoining him from entering, filing, or enforcing a confession of judgment executed by the plaintiff and her deceased husband. In an order dated December 9, 2008, the Supreme Court, inter alia, denied those branches of the plaintiff's motion.

"In order to obtain a preliminary injunction (*see* CPLR 6301), the moving party must demonstrate: (1) a likelihood of success on the merits, (2) an irreparable injury absent the injunction; and (3) a balancing of the equities in its favor" (*Volunteer Fire Assn. of Tappan, Inc. v County of Rockland,* 60 AD3d 666, 667 [2009]; *see Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.,* 50 AD3d 1072, 1072-1073 [2008]; *Wiener v Life Style Futon, Inc.,* 48 AD3d 458 [2008]). The existence of an issue of fact "shall not in itself be grounds for denial of the motion" (CPLR 6312 [c]; *see Volunteer Fire Assn. of Tappan, Inc. v County of Rockland,* 60 AD3d at 667).

The plaintiff seeks a preliminary injunction based, in part, on her contention that the confession of judgment was obtained in connection with a usurious promissory note. "No law regulating the maximum rate of interest which may be charged, taken or received . . . shall apply to any loan or forbearance in the amount of two million five hundred thousand dollars or more" (General Obligations Law § 5-501 [6] [b]). Thus, the plaintiff failed to establish a likelihood of success on her claim that a promissory note that she and her late husband executed in favor of the defendant, and upon which the confession of judgment was predicated, is usurious, as the face of the note provides that the amount owed was $3,500,000 (*see* General Obligations Law § 5-501 [6] [b]; *Tides Edge Corp. v Central Fed. Sav.,* 151 AD2d 741 [1989]; *see also Ujueta v Euro-Quest Corp.,* 29 AD3d 895 [2006]; *Hochman v LaRea,* 14 AD3d 653, 654 [2005]). Moreover, the confession of judgment was signed and notarized on December 31, 2005, and, thus, at the time that the Supreme Court determined that branch of plaintiff's motion which was for a preliminary injunction, the three-year period for filing the confession of judgment (*see* CPLR 3218 [b]) had yet to lapse. Consequently, the Supreme Court properly denied that branch of the plaintiff's motion which was for a preliminary injunction enjoining the defendant from entering, filing, and enforcing the confession of judgment. Further, the Supreme Court properly permitted the release of the proceeds from certain life insurance policies to the defendant.

Nonetheless, the defendant failed to file the confession of judgment by December 31, 2008, and thus failed to file it within three years after the plaintiff's affidavit of confession was executed. Accordingly, the confession of judgment became void after that date (*see* CPLR 3218 [b]; *Ray v Ray,* 61 AD3d 442, 443 [2009]). Thus, in the order dated March 12, 2009, the Supreme Court erred in granting that branch of the defendant's application which was, in effect, to permit him to enter, file, and enforce the confession of judgment.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.