Alleon Capital Partners v Choudhry (2024 NY Slip Op 01165)

Alleon Capital Partners v Choudhry

2024 NY Slip Op 01165

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2020-03208
 (Index No. 610648/18)

[*1]Alleon Capital Partners, LLC, et al., respondents,
v
Sheryar Choudhry, et al., appellants, et al., defendants.

Noel Munier, Mineola, NY, for appellants.
Edward Stone Law P.C., New York, NY (Edward S. Stone and Jason Vanacour, pro hac vice, of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Sheryar Choudhry, Tangent EHR, LLC, and AMSAC, Inc., appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered March 2, 2020. The order, insofar as appealed from, in effect, upon reargument and renewal, adhered to a prior determination in an order of the same court entered September 16, 2019, denying that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the subject loan was usurious.
ORDERED that the order entered March 2, 2020, is affirmed insofar as appealed from, with costs.
The plaintiff Alleon Capital Partners, LLC (hereinafter Alleon), as lender, entered into an agreement with the defendants Universal Medical, P.C., and All Family Medical, P.C., as borrowers, for a loan in the principal amount of $2,782,259.27. Due to certain fees and money placed into escrow, the borrowers received $2,360,200.75 from Alleon. Under the terms of the loan, the borrowers were to make payments to Alleon from the collection of certain receivables, which consisted of medical debts owned by the borrowers. The defendants Sheryar Choudhry, Tangent EHR, LLC, and AMSAC, Inc. (hereinafter collectively the appellants), were allegedly the billing agents for the loan. The receivables at issue had a value of over $5,000,000.
The plaintiffs commenced this action against the defendants, alleging, inter alia, that they failed to pay all amounts due and owing under the loan agreement. The appellants moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the loan was usurious, and the Supreme Court denied that branch of their motion. The appellants then moved for leave to renew and reargue that branch of their motion. By order entered March 2, 2020, the court, in effect, upon reargument and renewal, adhered to its prior determination denying that branch of the appellants' motion which was to dismiss the complaint on the ground that the loan was usurious. This appeal followed.
General Obligations Law § 5-501(2) provides that "[n]o person or corporation shall, [*2]directly or indirectly, charge, take or receive any money, goods or things in action as interest on the loan or forbearance of any money, goods or things in action at a rate exceeding the [maximum permissible interest] rate" (Zanfini v Chandler, 197 AD3d 594, 595 [internal quotation marks omitted]). "Under General Obligations Law § 5-521(1), the defense of usury is not available to corporations, but this bar does not preclude a corporate borrower from raising the defense of 'criminal usury' (i.e., interest over 25%) in a civil action" (Adar Bays, LLC v GeneSYS ID, Inc., 37 NY3d 320, 326). However, civil and criminal usury laws do not "apply to any loan or forbearance in the amount of [$2,500,000] or more" (General Obligations Law § 5-501[6][b]).
Here, the Supreme Court properly determined that usury laws do not apply to the subject loan since the parties agreed to a principal loan of more than $2,500,000 (see Specfin Mgt. LLC v Elhadidy, 201 AD3d 31, 42; Shasho v Pruco Life Ins. Co. of N.J., 67 AD3d 663, 665). Contrary to the appellants' contention, the portion of the loan that was used to cover closing fees, attorney fees, and taxes did not lower the agreed-upon amount of the loan below the $2,500,000 threshold in this instance (see Tides Edge Corp. v Central Fed. Sav., 151 AD2d 741, 742).
CONNOLLY, J.P., MALTESE, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court